Arnold Richard DARBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 53032.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

George Michael Jamail, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and Paul E. Naman, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Appellant was convicted by a jury for aggravated robbery. The jury found that appellant had been twice previously convicted of felonies and the court assessed appellant's punishment at life pursuant to V.T.C.A., Penal Code, Section 12.42(d).

The only contention raised in this appeal is that the trial court erred in failing to quash the jury panel. In his argument under this ground of error appellant complains that during the course of the State's voir dire examination of the jury panel, the prosecuting attorney fully and elaborately discussed the law of insanity as a defense to a criminal act. Appellant contends that, because he had not filed a notice of his intention to offer evidence as to insanity as a defense,[1] the prosecutor's discussion of the same during voir dire examination of the jury panel unduly prejudiced the panel.

The transcription of the court reporter's notes consists only of excerpts from the void dire examination of the jury panel. The motion to quash the panel was overruled.

Even if there is no notice of an intention to rely on insanity as a defense

---

1. Article 46.03, Section 2, V.A.C.C.P., provides:

"Sec. 2. (a) A defendant planning to offer evidence of the insanity defense shall file a notice to his intention to offer such evidence with the court and the prosecuting attorney:

(1) at least 10 days prior to the date the case is set for trial; or

(2) if the court sets a pretrial hearing before the 10-day period, the defendant shall give notice at the hearing; or

(3) if the defendant raises the issue of his incompetency to stand trial before the 10-day period, he shall at the same time file notice of his intention to offer evidence of the insanity defense.

(b) Unless notice is timely filed pursuant to Subsection (a) of this section, evidence on the insanity defense is not admissible unless the court finds that good cause exists for failure to give notice."

found in the record under Article 46.03, Section 2(a), V.A.C.C.P., a trial court may still permit the admission of such evidence under Article 46.03, Section 2(b), V.A.C.C.P. This apparently happened in the instant case. Appellant requested, and the court gave, a charge on the law of insanity as a defense. We find no error in the prosecutor's anticipating appellant's defense and discussing same with the prospective jurors in order to challenge individual members for cause or in order to exercise his peremptory challenges.[2]

No error is shown; the judgment is affirmed.

2. The pro se motion to abate so that a complete statement of facts can be prepared is denied.